IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

FRANK LEE FRANKLIN
ADC #087441                                                                                  PETITIONER

VS.                                    2:13CV00106 JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                                RESPONDENT

## MEMORANDUM ORDER

### I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Frank Lee Franklin ("Franklin"). *Doc. 2*. Before addressing Franklin's habeas claim, the Court will review the procedural history of the case in state court.

On March 19, 1991, a Jefferson County jury convicted Franklin of rape. *Tr. 52*. He received a 300-year sentence as a habitual offender. *Id.*

Franklin appealed his conviction and sentence to the Arkansas Supreme Court. On March 9, 1992, the Court affirmed. *Franklin v. State*, 308 Ark. 539, 825 S.W.2d 263 (1992).

Franklin then had ninety days, until June 8, 1992, to petition the United States Supreme Court for certiorari. He elected not to do so, and the decision of the Arkansas Supreme Court became final.

On November 16, 1992, and November 15, 1993, Franklin filed Rule 37 Petitions with the trial court in Jefferson County. *Court's Ex. A. attached hereto.*[1] On September 22, 1994, the trial court entered an Order which denied Franklin's Rule 37 Petitions because they were untimely. *Id.*

Franklin appealed the denial of Rule 37 relief to the Arkansas Supreme Court. However, on October 17, 1995, it dismissed his appeal because of his failure to file an appellate brief. *Id.*

Almost eighteen years later, on February 14, 2013, Franklin filed a state habeas action in Lee County Circuit Court, the county in which he was incarcerated. *Doc. 5-6*. On May 10, 2013, the court entered an Order denying state habeas relief. *Doc. 5-7*. Franklin did not appeal from that Order.

On August 23, 2013, Franklin initiated this *pro se* federal habeas action. *Doc. 2*. He asserts a single habeas claim: His prosecution and conviction in state court were in violation of the Arkansas speedy-trial rule. *See* Ark. R. Crim. P.

---

[1] The parties have not provided the Court with Franklin's Rule 37 papers and the dispositive orders. However, the Court has obtained the docket sheet from the Jefferson County Circuit Clerk, which reflects the relevant filings. *See Court's Exhibit A attached hereto.*

28.1-28.3. Respondent argues that Franklin's habeas claim is: (1) successive;[2] (2) barred by the statute of limitations; and (3) not cognizable in a federal habeas action. *Doc. 5.*

For the reasons discussed below, the Court concludes that this § 2254 action is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Thus, the Petition will be dismissed, with prejudice.

## II. Discussion

### A.   The AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a § 2254 habeas petition to be filed within one year of the date on which the state judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The "conclusion of direct review" includes certiorari proceedings before the United States Supreme Court, and if a "prisoner does not petition the U.S. Supreme Court for review, then his conviction becomes final when the time for filing that petition expires[.]" *Parmley v. Norris*, 586 F.3d 1066, 1069 (8th Cir. 2009).

Franklin's judgment and conviction for rape ordinarily would have been "final" and triggered the running of the one-year statute of limitations on June 8,

---

[2] Respondent argues that this is a successive habeas action because it follows *Franklin v. Hobbs*, E.D. Ark. No. 5:10CV00066 SWW/JWC. However, that case involved Franklin challenging an ADC *disciplinary conviction*. This is the first time Franklin has challenged the constitutionality of his March 19, 1991 *rape conviction* in a § 2254 habeas action. Accordingly, it is *not* successive.

1992, the date when the time expired for him to petition the United States Supreme Court for certiorari, following the Arkansas Supreme Court's affirmance of his direct appeal.

Importantly, AEDPA was enacted into law on April 24, 1996, four years *after* Franklin's state court conviction became final. Retroactively applying AEDPA's one-year statute of limitations to require Franklin to initiate this § 2254 action within one year of his state court conviction becoming final, on June 8, 1992, would have been manifestly inequitable. To provide equitable relief to habeas petitioners in Franklin's position, the Eighth Circuit allowed a one-year "grace period," *from the date of the enactment of the AEDPA* (as opposed to the date on which the habeas petitioners' convictions became final), to file a timely habeas action in federal court. *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).

Thus, Franklin had until April 24, 1997 (instead of June 8, 1993) to file a timely § 2254 habeas action in this case. *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999). Rather than filing this habeas action on or before April 24, 1997, Franklin waited over sixteen years to file this action. Thus, absent some form of statutory tolling, this habeas action is time-barred and must be dismissed.

### B.     Analysis of Statutory Tolling

AEDPA allows statutory tolling during the time a "properly filed" petition for collateral review is pending in state court. *See* 28 U.S.C. § 2244(d)(2). In Arkansas, this means the statute is tolled during the time a "properly filed" Rule 37 Petition is pending in state court.

On November 16, 1992, and November 15, 1993, Franklin filed Rule 37 Petitions with the trial court. On September 22, 1994, the trial court denied both of those Petitions, and, on October 17, 1995, the Arkansas Supreme Court dismissed his Rule 37 appeal. Thus, the Arkansas Supreme Court's decision denying Rule 37 relief became final *before* the one-year federal habeas statute of limitations began to run on April 24, 1996. Under similar facts, the Eighth Circuit has held that a federal habeas petitioner is *not* entitled to *any* statutory tolling. *See Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002) (state court collateral-review action must have been pending between April 24, 1996, to April 24, 1997 to toll the habeas limitations period).

Franklin also initiated a state habeas action. However, it was filed over ten years *after* the expiration of the one-year federal habeas limitations period. In *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999), the Court made it clear that the pendency of a state post-conviction proceeding cannot have a tolling effect if it was filed *after* the expiration of AEDPA's one-year limitations period. Thus, as a

matter of law, Franklin is not entitled to any statutory tolling in connection with his attempts to collaterally attack his rape conviction in state court.

## C. Analysis of Equitable Tolling

Finally, equitable tolling can sometimes allow a federal habeas petitioner to halt the running of AEDPA's one-year limitations period. To invoke equitable tolling in this case, Franklin must show that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing of this § 2254 habeas action. *See Holland v. Florida*, 560 U.S. 631 (2010). "[E]quitable tolling is appropriate only under limited circumstances . . . [and] must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009); *see also Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) ("Equitable tolling is an *exceedingly narrow* window of relief.") (emphasis in original).

In support of his equitable tolling argument, Franklin contends that his trial attorney never informed him of any speedy trial violations, and he only was able to discover those violations after he was incarcerated and had an opportunity to "study" the law. *Doc. 8*. The Eighth Circuit has repeatedly held that a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about

the federal limitations period or state post-conviction law, does not justify equitable tolling.[3]

Franklin has not come forward with any extraordinary circumstance to justify equitably tolling in this case. Neither has he come forward with any argument or evidence to establish the "actual innocence" exception to the statute of limitations. Accordingly, because this § 2254 habeas Petition was filed more than a decade after the expiration of the federal statute of limitations, the Court is barred from reaching and deciding the merits of this action.

### III. Conclusion

IT IS THEREFORE ORDERED THAT the Petition for a Writ of Habeas Corpus is DENIED, and this case is DISMISSED, WITH PREJUDICE. IT IS FURTHER ORDERD THAT a Certificate of Appealability is DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 3rd day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] *See, e.g. Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (holding that a *pro se* prisoner's misunderstanding of the state court postconviction rules did not warrant equitable tolling); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (holding that a *pro se* prisoner's lack of legal knowledge and legal resources did not warrant equitable tolling); *Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2001) (noting that the pre-filing "obstacles faced by many if not most [*pro se*] habeas petitioners" were presumed to have been considered by Congress in enacting a one-year limitations period).

**TRANSFERRED TO THIRD DIVISION**

**JEFFERSON COUNTY, ARK. — CRIMINAL DOCKET** Amended Information filed 3-12-91 — Habitual Added

**TRANSFERRED TO THIRD DIVISION** FILED 377/90

CASE NO. CR-90-147-2-3

| STATE OF ARKANSAS vs. FRANK L. FRANKLIN | ATTORNEYS Marie B. Rogers, Thomas S. Brown, John S. Kearney | OFFENSE RAPE, VIOLATION ARKANSAS CODE 5-14-102, CLASS Y FELONY |
|---|---|---|

MARCH 2, 1990

| DATE OF ORDERS | ORDERS OF COURT | |
|---|---|---|
| 3-9-90 | Order Compelling Hair and Blood Samples | 53/494 |
| 4-3-90 | Order and Blood Samples filed 3-9-90 | 54/56 |
| 4-3-90 | Order Continuing Arraignment (Tue. 5-8-90 @ 9:00 a.m.) Suspended 3-7-90, Cont. 3-8-90 | |
| 5-8-90 | Appointment of Counsel | 54/676 |
| 6-21-90 | Order Setting Case for Trial (Wed. 9-19-90 @ 9:00 a.m.) Motion to Be Relieved Filed to 6-29-90 | 55/729 |
| 7-10-90 | Appointment of Counsel | 56/196 |
| 9-19-90 | Order of Severance of Offenses Motion to be Relieved As Attorney | 57/705 |
| 9-28-90 | Order Setting Case for Trial (Wed. 1-23-91) of Record filed 12-26-90 | 57/819 |
| 10-23-90 | Order for HIV Test Order to Return Prisoner Reversed 1-14-91 filed 1/7 | 58/324 |
| 1-10-91 | Order to Return Prisoner (Mon. 1-14-91 @ 1:00 P.M.) Motion for Commitment to South. | 59/758 |
| 2-11-91 | Order (Mental Evaluation) East Ark. Mental Health Center | 60/710 |
| 3-5-91 | Order Substituting (Tues. 3-19-91 @ 9am.) Order Resetting Jury Trial Date | 61/230 |
| 3-18-91 | Order to Deliver Prisoner (Tues. 3-19-91 @ 6:30 A.M.) To Mental Exam filed 2-28-91 | 61/492 |
| 3-18-91 | Order to Substitute Evidence Motion filed 3-8-91 | 61/550 |
| 3-29-91 | Judgment and Commitment Order (300 yrs) Order to Return Prisoner Served 3-19-91 filed 3-19 | 61/720 |

6-11-91 Order Denying Motion to Modify Sentence filed 3-25-91 63/104
7-9-91 Initial Transcript Extended 28 days 64/94
10-2-91 Order (Transcript extended to 10-29-91) 64/157
11-14-91 Order (State to File for Transcript) 6/52
12-15-93 Order of Summary Case 3rd decision 83/465
7-22-94 Order- Defendants Petition was not timely filed & is hereby denied 90/150

Motion to Modify Sentence filed 3-25-91
Response/Opposition to Modify Sentence filed 4-2-91
Designation of Records and Notice of Appeal filed 4-12-91
Motion to be Relieved as Counsel (filed 10-8-91)
Mandate of Supreme Court (affirmed) filed 3-30-92
Petition for Rule 37 filed 11-15-93
Motion to Compel filed 12-30-92
Petition to Reduction of Sentence (sentence to be filled in from Rule 37 Case #31CR1983)
filed 11-15-93
Request to Proceed in forma pauperis filed 11-15-93
Notice of filing of Rule 37 Petition filed 11-15-93 on Wayne Matthews
Summons served on Wayne Matthews
11-17-93 filed 11-19-93
Response by Rule 37 Petition filed 11-18-93
Response by Attorney of Record to Petition
under Rule 37 filed 12-2-93
Notice served on Roth Parties
12-2-93 filed 12-3-93
Request for an extension of time filed 1-18-94
Request to proceed in forma pauperis 10/17/94
Notice of Appeal filed 10/7/94 - Rule 37
Summons for filing 10-17-94 appeal